# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALLAN FILLMORE and BARBARA FILLMORE,

    Plaintiffs,

    vs.                                                                                             No. CIV 98-0379 JC/WWD

BRIAN CAPPS, an individual, and PULLEN
BROTHERS, INC., a Florida corporation,

    Defendants.

# MEMORANDUM OPINION AND ORDER
# DENYING PLAINTIFFS' MOTION FOR CHANGE OF VENUE

THIS MATTER came on for consideration of Plaintiffs' Motion for Change of Venue *(Doc. 14)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken, and will be denied.

**Factual and Procedural Background**

While traveling from their home in California to Oklahoma, Plaintiffs' car collided with a truck near Gallup, New Mexico, on December 16, 1995. Defendant Pullen Brothers, Inc., owned the truck and employed its driver, Defendant Capps, who lives in Florida. Plaintiffs filed a personal injuries lawsuit based upon the accident in the United States District Court for the Eastern District of California in September 1997. Plaintiffs voluntarily dismissed that action without prejudice, however, just one month later.

Plaintiffs then filed an identical lawsuit in the Eleventh Judicial District Court for the State of New Mexico in McKinley County. Defendants assert that the decision to bring the action in

New Mexico rather than California was based upon a statute of limitations bar in the original forum. Defendants removed the present action to federal court pursuant to 28 U.S.C. § 1446, and Plaintiffs concede that diversity subject matter jurisdiction lies with this Court. Nevertheless, Plaintiffs have now moved for a change of venue seeking transfer of the action to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

**Analysis**

**I.      Unusual Posture of the Motion**

Because a plaintiff initially chooses the forum in which the action is brought, it is usually the defendant who requests transfer to a more convenient court. Some courts have ruled that to move from the forum he or she selected, a plaintiff must demonstrate that circumstances have changed since the filing of the suit. See e.g., Leiker v. Jarvis Products Corp., 1990 WL 112974 (D. Kan. 1990). Clearly, the California forum would be significantly more convenient to Plaintiffs in pursuing the present litigation. Indeed, that is most likely the reason they initially filed suit in California. Yet there is absolutely no showing by Plaintiffs that the convenience attributable to a California forum is any greater than when they opted to file suit in New Mexico. The Tenth Circuit has not ruled on the "changed circumstances" requirement when a plaintiff seeks to transfer to a new venue. For the reasons set forth below, it is an issue I need not address.

**II.     The Applicable Venue Statute**

Defendants argue that the Eastern District of California is not a proper venue under the general venue statute, 28 U.S.C. § 1391. The argument is misplaced since this venue provision applies only to actions actually "brought" in federal court. Polizzi v. Cowles Magazines,

345 U.S. 663 (1953). Because removed actions are originally filed in state courts, the Supreme Court has held § 1391 to be inapplicable. Id. at 665. Instead, venue must be analyzed under the statute that applies to removed cases, 28 U.S.C. § 1404(a). That provision states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**III.    Absence of Personal Jurisdiction as to all Defendants**

The Court finds that venue would not lie in the Eastern District of California even under § 1404(a). To satisfy the "might have been brought" component, the party seeking transfer must demonstrate that the action could have been properly filed in the requested forum originally. Plaintiffs must show that not only venue, but personal and subject matter jurisdiction as well, lie in the forum to which they seek transfer. In the present case, the Eastern District of California lacks personal jurisdiction over both defendants.

Plaintiffs argue that by appointing an agent for service of process in California, Defendant Pullen Brothers, Inc., has consented to jurisdiction by courts within that forum. A few courts have held that such appointment permits courts of that state to take personal jurisdiction "for any cause of action, whether or not arising out of activities within the state." See e.g., Knowlton v. Allied Van Lines, 900 F.2d 1196, 1200 (8th Cir. 1990). For purposes of the motion, I will assume that California courts have such personal jurisdiction over corporate entities simply based upon appointment of an agent for service of process. But see Gray Line Tours of S. Nevada v. Reynolds Elec. and Eng'g Co., Inc., 238 Cal. Rptr. 419 (App. 2 Dist. 1987).

Nevertheless, California courts lack personal jurisdiction over Defendant Capps. In an analogous case, a nonresident trucking company designated a New York agent for receipt of service

of process in compliance with the then-effective Motor Carrier Act, 49 U.S.C. § 10330(b). See Rounds v. Rea, 947 F. Supp. 78 (W.D.N.Y. 1996). The Rounds court held that by appointing such an agent, the trucking company consented to suit in the federal district court in New York even for diversity actions based upon accidents occurring in a different state. Id. at 83. However, the Rounds court determined that the company's consent to suit could not be imputed to the nonresident driver employee as to an accident which occurred outside of the forum state. Id. at 84.

Plaintiffs argue that as an employee of Pullen Brothers, Defendant Capps "transacts business in California" without any particularized showing of personal contacts with the state. To the contrary, jurisdiction over an employer and an employee must be considered separately. See Calder v. Jones, 465 U.S. 783, 790 (1984). "[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him . . . . Each defendant's contacts with the forum state must be assessed individually." Keaton v. Hustler Magazine, 465 U.S. 770, 781 n.13 (1984).

In the minimum contacts analysis, the court must focus on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977). Plaintiffs rely on the Calder decision in which the Supreme Court held that reporters with a nationally-distributed magazine could be sued for libel in the forum where the injured party resided. Like the Florida resident defendants in the Calder case, Capps is a "primary participant in the alleged wrongdoing." Yet, Calder required more for personal jurisdiction to be exercised over a nonresident. The Calder court reasoned that the employees of the magazine were

> not charged with mere untargeted negligence. Rather, *their intentional, and allegedly tortious actions were expressly aimed at California.* [The defendant employees of the magazine wrote] and edited an article that they knew would have a potentially

devastating impact upon respondent. And they knew that the brunt of that injury would be felt by respondent in the State in which she lives and works and in which the National Enquirer has its largest circulation. Under the circumstances, [the writer and editor of the article] must 'reasonably anticipate being haled into court there' to answer for the truth of the statements made in their article.

Calder, 465 U.S. at 789-90. In the present case, Defendant Capps is charged with negligence only, and Plaintiffs do not contend that he intentionally injured them knowing that the ramifications could be most felt in a state other than New Mexico. In short, Calder is easily distinguishable.

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Change of Venue *(Doc. 14)* be, and hereby is, **denied**.

DATED this 3rd day of November, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | Thomas D. Lininger<br>Citrus Heights, California<br><br>Donald M. Pinnock<br>Ferguson & Associates<br>Albuquerque, New Mexico |
| Counsel for Defendants: | Grey W. Handy<br>Michael C. Smith<br>Comeau, Maldegen, Templeman & Indall, L.L.P.<br>Santa Fe, New Mexico |